J-S08028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: P.W., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3031 EDA 2024 |

Appeal from the Order Entered October 18, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0000829-2020

| | | |
|---|---|---|
| IN THE INTEREST OF: D.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: P.W., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3032 EDA 2024 |

Appeal from the Order Entered October 18, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0000830-2020

| | | |
|---|---|---|
| IN THE INTEREST OF: M.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: P.W., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3033 EDA 2024 |

Appeal from the Order Entered October 18, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000831-2020

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:           **FILED APRIL 28, 2025**

In this consolidated matter, P.W. (Father) appeals the orders issued by the Philadelphia County Court of Common Pleas which changed the permanency goal to adoption for his eight-year-old son C.W., five-year-old daughter D.W., and seven-year-old daughter M.W. (collectively, the Children). We dismiss the appeal as moot.

The underlying facts are not relevant to our disposition. However, we briefly note that this family has a history with the Philadelphia Department of Human Services (the Agency) dating back to 2020. In March 2023, D.W. and M.W. were seen outside the home in inclement weather, partially clothed, and without supervision. When the police arrived to check on these children, they found their sibling C.W., who is autistic, locked in a dog cage. He was naked, emaciated, and had marks all over his body. Father and M.C. (Mother) were criminally charged, and all three children were adjudicated dependent.

In August 2024, the Agency filed petitions to change the Children's permanency goal to adoption and to involuntarily terminate Father's and Mother's parental rights. After a hearing, the court terminated Father's and

_____

[*] Retired Senior Judge assigned to the Superior Court.

Mother's rights under Section 2511(a)(1), (2), (5), (8), and (b), and changed the goal to adoption. *See* N.T., 10/18/24, at 78.

Father timely filed this appeal. However, Father only appealed the court's October 18, 2024 Permanency Review Orders, which changed the Children's goals to adoption. *See* Notices of Appeal, 11/17/24. Father did not appeal the decrees terminating his parental rights. *See id.* He presents the following issue for our review:

> 1. Whether the Trial Court erred as a matter of law and abused its discretion when it found that the children's permanency goal of reunification was neither appropriate nor feasible, and ordered a goal change to adoption, thus contravening section 6351(f) of the Juvenile Act, 42 Pa.C.S.A.§ 6351(f).

Father's Brief at 7. In his brief, Father only provides argument related to the goal change, not the termination. *See id.* at 13-17.

It is well-settled that if this Court affirms a termination of parental rights, it renders moot any challenge to the goal change. *See In re Adoption of A.H.*, 247 A.3d 439, 446 (Pa. Super. 2021) ("[T]he effect of our decision to affirm the orphans' court's termination decree necessarily renders moot the dependency court's decision to change [c]hild's goal to adoption.") (citation omitted).

Here, because Father has not appealed the decrees terminating his parental rights, those decrees are now final, and he has waived any appeal to them. *See* Pa.R.A.P. 903(a) ("notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"). Thus,

because the termination of parental rights is final, we cannot grant Father his requested relief regarding the goal change. *See Interest of D.R.-W.*, 227 A.3d 905, 917 (Pa. Super. 2020) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.") (citation omitted).

Appeal dismissed as moot. Orders affirmed.

Judge Dubow did not participate in the consideration or decision of this case.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2025